```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Jerry M. Roy,

                    Plaintiff,
                                                CV-04-1790
     - against -                                (CPS)

Michael J. Astrue, Commissioner of              MEMORANDUM
Social Security,                                OPINION AND
                                                ORDER
                    Defendant.[1]

----------------------------------------X
```
SIFTON, Senior Judge.

Jerry Roy ("plaintiff") commenced this action on April 30, 2004, seeking to overturn an unfavorable decision of Michael J. Astrue, Commissioner of Social Security ("defendant"). Now before this Court is plaintiff's counsel's motion for an award of attorney's fees in the amount of $9,239.81. For the reasons set forth below, plaintiff's counsel is awarded fees in the amount of $9,217.81.[2]

**Background**

Plaintiff retained counsel to represent him in regards to an application for Social Security disability ("SSD") benefits on April 23, 2001. At this time, according to plaintiff, he signed a retainer agreement indicating counsel would receive as a fee 25% of the past-due benefits awarded to him if the application

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Fed. R. Civ. P. 25(d)(1), he is substituted as defendant for his predecessor, Jo Anne B. Barnhart.

[2] Defendant does not object to the award, except to point out what appears to be a mathematical error, which accounts for the minor $22.00 reduction in fees awarded and which is discussed further below.

were successful.[3]  Binder Aff. Ex. B (Apr. 1, 2008 J. Roy letter).

Plaintiff filed an application for SSD on May 15, 2001, alleging disability since July 12, 2000.  The application was denied initially on August 28, 2001.  Plaintiff requested an administrative hearing before an Administrative Law Judge ("ALJ") on October 18, 2001, which was held on May 21, 2003.  On July 10, 2003, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act.  On July 25, 2003, plaintiff made a timely request for review of this determination by the Appeals Council, and submitted additional support for his position on December 2, 2003.  On March 3, 2004, the Appeals Council denied the request for review.

On April 30, 2004, plaintiff commenced this action.  On November 30, 2004, the parties submitted a Stipulation and Order of Remand for my signature, which I signed on December 6, 2004.  The Clerk entered judgment reversing defendant's decision and remanding the case to defendant on December 8, 2004.

Following the proceedings before this court, plaintiff sought an award of attorney's fees under the Equal Access to

---

[3]  The only retainer agreement provided to the court in connection with this application, however, is dated March 18, 2004, and is entitled "Social Security Appeal Federal Court Retainer Agreement."  Binder Aff. Ex. D.
    In any event, this agreement provides that, if the case were remanded by this Court to defendant for additional proceedings, and if plaintiff obtained a favorable decision upon remand, plaintiff would pay counsel 25% of the award of past-due benefits.  *Id*.

Justice Act ("EAJA"), 28 U.S.C. § 2412.[4]  On January 21, 2005, the parties submitted a Stipulation and Order awarding plaintiff's counsel $3,309.69 in fees under the EAJA.  I signed this Stipulation and Order on February 7, 2005.

Following remand, plaintiff's application was assigned to a different ALJ, who, on May 26, 2006, issued a favorable decision finding plaintiff disabled within the meaning of the Social Security Act as of his alleged onset date.  The ALJ awarded plaintiff $50,110 in past-due benefits.[5]

**Discussion**

Section 406 of title 42 of the United States Code provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess

---

[4]  The statute provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

[5]  The Social Security Administration withheld $12,549.63 for possible attorney's fees claims from plaintiff's award of past-due benefits and sent plaintiff payment in the amount of $37,560.37.  Binder Aff. Ex. A.  The sum of these two figures, plaintiff's total award of past-due benefits, is $50,110.00.

>    of 25 percent of the total of the past-due benefits to
>    which the claimant is entitled by reason of such
>    judgment, and the Commissioner of Social Security may,
>    notwithstanding the provisions of section 405(i) of
>    this title, but subject to subsection (d) of this
>    section, certify the amount of such fee for payment to
>    such attorney out of, and not in addition to, the
>    amount of such past-due benefits. In case of any such
>    judgment, no other fee may be payable or certified for
>    payment for such representation except as provided in
>    this paragraph.

42 U.S.C. § 406(b)(1)(A). Contingency fee agreements, as the one in this case, are not inconsistent with § 406(b)'s directives. *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). A court reviewing a fee request based on a contingency fee agreement must nevertheless ensure the resulting fee is reasonable. *Id*. at 807; *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990) ("a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable") ("*Wells II*").

In determining whether a requested fee based on contingency fee agreement is reasonable under § 406(b), the Supreme Court has rejected application of the lodestar method (the number of hours reasonably expended multiplied by a reasonable hourly rate). *Gisbrecht* 535 U.S. 789, 799-808; *see also Wells II*, 907 F.2d at 371 (2d Cir. 1990) ("the traditional lodestar method . . . is not appropriate for evaluating a reasonable fee" under § 406(b) where there is contingency fee arrangement).

Instead, in evaluating reasonableness, a court must give

<-5-></-5->

"due deference to the intent of the parties", confirm that the fee request falls within § 406(b)'s 25% cap, consider whether there has been fraud or overreaching in the making of the agreement, and consider whether the requested amount is "so large as to be a windfall to the attorney." *Id*. at 372 (citations omitted). In *Gisbrecht*, the Supreme Court also noted that fees may be reduced when counsel's representation is substandard or when counsel is responsible for a delay, the result of which would be to increase his fees due to the accumulation of past-due benefits. *Gisbrecht*, 535 U.S. at 808.

Plaintiff's counsel seeks an award of $9,239.81, which counsel argues represents 25% of the past-due benefits awarded to plaintiff, minus the previously awarded EAJA fees.[6] Although the Social Security Administration stated the $12,549.63 it withheld from plaintiff's payment of past-due benefits represented 25% of this total recovery, one-quarter of $50,110 is actually $12,527.50.[7] When the amount of the previously awarded EAJA fees ($3,309.69) is subtracted from $12,527.50, the result is

---

[6] Where counsel in a social security case is awarded fees under both the EAJA and § 406(b), counsel is required to give the lesser of the two attorney fees awards to plaintiff. *Gisbrecht*, 535 U.S. at 796; *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988) ("*Wells I*"). "Thus, an EAJA award offsets an award under Section 406(b), so that [the amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gilsbrecht*, 535 U.S. at 796 (alteration in the original) (citation omitted).

[7] The reason for this minor discrepancy in the SSA's calculation is not clear.

$9,217.81. With this slightly revised figure in mind, I now turn to the reasonableness of plaintiff's counsel's fee request.

In this case, as evidenced by the Federal Court Retainer Agreement, Binder Aff. Ex. D, and plaintiff's April 1, 2008, letter, Binder Aff. Ex. B, the parties intended to enter into an agreement whereby plaintiff's counsel would receive 25% of any past-due benefits awarded to plaintiff. Plaintiff states he continues to believe this contingency fee arrangement is reasonable. Binder Aff. Ex. B. The revised figure of $9,217.81 falls within the 25% limitation of § 406(b). There is no indication of fraud or overreaching or that any delay can be attributed to plaintiff's counsel. Counsel obtained a result favorable to plaintiff before this Court and, ultimately, before defendant.

Guidance as to what constitutes a windfall is limited, but the *Gisbrecht* court indicated a fee award that is large in comparison to the amount of time counsel spent on a case may fall within the definition of term. *Gisbrecht*, 535 U.S. at 808. Plaintiff's counsel spent 22.25 hours on this case at the federal court level. In addition, plaintiff's counsel appeared at two administrative hearings and filed an appeal with the Appeals Council, indicating that counsel expended significant, additional amounts of time on plaintiff's case before the Social Security

Administration.[8]  The fee award, therefore, is not a windfall.  Thus, I approve plaintiff's counsel's fee request in the amount of $9,217.81.

**Conclusion**

For the reasons set forth above, I award plaintiff's counsel attorney's fees in the amount of $9,217.81.  The Social Security Administration is directed to remit this amount to plaintiff's counsel and the remainder of the withheld past-due benefits to plaintiff.  The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :  Brooklyn, New York
         June 5, 2008

            By:  /s/ Charles P. Sifton (electronically signed)
                     United States District Judge

---

[8] Although I may not approve fees under § 406(b) for work done at the administrative level, I may take into account the time counsel spent at the administrative level in determining whether the contingent-fee agreement was reasonable under § 406(b).  *See Mudd v. Barnhart*, 418 F.3d 424, 428-29 (4th Cir. 2005).